M. R. KNAPP, *as Constable, etc.*, *et al.*, *v.* THE AMERI-
CAN HAND-SEWED SHOE COMPANY.

No. 12,395.   (66 Pac. 996.)

SYLLABUS BY THE COURT.

EVIDENCE— *Depositions*— *Suppression.* A stipulation between
parties to an action, that witnesses whose testimony is to be
taken by deposition shall be sworn to the depositions after they
have been given and transcribed in writing, is a requirement addi-
tional to any imposed by the law, which it would be against legal
policy to enforce, and, therefore, a failure to observe it does not
constitute a ground for the suppression of the depositions.

Error from Cherokee district court; A. H. SKID-
MORE, judge. Opinion filed December 7, 1901. Di-
vision one. Affirmed.

*H. W. Curry*, and *W. B. Glasse*, for plaintiffs in error.

*H. A. Forkner*, and *E. M. Tracewell*, for defendant in
error.

The opinion of the court was delivered by

DOSTER, C. J. : A principal ground of error relied
on in this case is the refusal of the court to suppress
a deposition. Previous to the taking of the deposi-
tion the parties entered into a written stipulation as
follows :

"That the deposition of such witnesses shall be
taken in shorthand by Miss Anna Campbell, of Jop-
lin, and be by her transcribed, and that the deposition,
after being transcribed, shall be returned to Wm. F.
DeGarmo, notary public, of Jasper county, and the
witnesses shall sign and swear to the same as trans-
cribed, and that the signature and oath of the wit-
nesses shall be dated the day that they are subscribed
and sworn to, and all objections to said depositions
being sworn to at such time instead of the day and
time the same is taken are hereby waived."

Attached to the depositions is a certificate of the notary public before whom they were taken stating that the witnesses

"were by me first duly sworn to testify the truth, the whole truth, and nothing but the truth, and that the depositions by them respectively subscribed as above set forth were taken in shorthand by Miss Anna Campbell, as per agreement hereto attached, in the presence of the witnesses, and were respectively subscribed by said witnesses in my presence, and taken at the time and place specified in the annexed deposition (notice) and contract."

It will be observed that the above certificate conforms to the requirements of the statute (Civil Code, § 359; Gen. Stat. 1901, § 4807), but it also will be observed that it does not state that the depositions were sworn to after being transcribed, as required by the terms of the stipulation under which they were taken, nor was it elsewhere shown that they were sworn to by the witnesses after being given. The ground of the motion to suppress the depositions was the failure to conform to the stipulation in that respect.

The motion to suppress was rightly overruled. The law declares the competency of witnesses and the forms to be used in admitting their testimony in court. It prescribes the taking of oaths before the giving of the testimony, and it is satisfied with the solemnity and sufficiency of the form thus enjoined. Nor could the policy of the law admit a right in the parties to an action to add to the requirements which it deems sufficient. To do so would be to place in the power of the litigants themselves, to be used without settled rule or guidance, the only instrumentality for the ascertainment of truth. This could not be allowed.

Many other errors are alleged, the principal of which were the making of an amendment to the peti-

tion; that the petition lacked an essential averment necessary to state a cause of action; that a chattel mortgage under which the adverse party claimed was not delivered and accepted until after the plaintiff in error had attached the mortgaged goods, etc. Minor claims of error as to the admission of evidence and the giving and refusing instructions are also made, but neither they nor any of the principal claims are well founded, and the judgment of the court below is therefore affirmed.

JOHNSTON, SMITH, ELLIS, JJ., concurring.